IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR77 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| JAMES TYRELL DORTCH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant's objection, Filing No. 36, to the magistrate judge's report and recommendation ("R&R"), Filing No. 31. The magistrate judge recommends denial of defendant's motion to suppress, Filing No. 15. The defendant has been charged with possession of a defaced weapon, in violation of 18 U.S.C. § 922(k), and with forfeiture of the weapon under 18 U.S.C. § 924(c) and 28 U.S.C. § 2461(c). He seeks suppression of statements made and evidence seized in a detention, stop and search of his person and immediate surroundings in the traffic stop of a vehicle in which he was a passenger on September 8, 2007. In his objection to the magistrate judge's R&R, the defendant contends that Omaha police officers had no reasonable suspicion to extend the stop by 15 to 20 minutes to search the car once the traffic stop was over, and contends the police unlawfully detained the occupants of the vehicle by asking for permission to search the car after the traffic stop had ended.

**FACTS**

On April 24, 2008, the magistrate judge held an evidentiary hearing on defendant's motions in this case and the companion case of *United States v. Daylon Dewan Dortch,* No. 8:08-cr-76. Filing No. 30, Transcript of Suppression Hearing ("Hr'g Tr."). Under 28

U.S.C. § 636(b), the court has conducted a *de novo* review of those portions of the report or recommendation to which defendant objects. *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003). The court has reviewed the record, including the transcript of the hearing. The court agrees with the magistrate judge's factual findings.

Briefly, the evidence adduced at the hearing shows that defendant James Dortch and another man named Luther Humphrey were passengers in a Nissan X-Terra driven by Daylan Dortch. Omaha Police Officers Craig Wylie and Jason Slosson stopped the vehicle for failure to signal a turn and for improper display of plates. The defendant concedes that there was probable cause for the traffic stop.

After conducting routine checks on the license of the driver and vehicle registration, Officer Slosson returned the paperwork to the driver, told him he was free to go, and then asked for consent to search the vehicle and its occupants for contraband. The driver consented to the search stating, "Sure, I have nothing to hide." The officers discovered a Hipoint 9mm handgun in the glovebox of the vehicle. The three occupants of the car were arrested and transported to Central Police Headquarters where they were informed of their *Miranda* rights. James Dortch waived his rights, agreed to be interviewed, and agreed to provide a DNA sample.

For the reasons set forth below, the court finds defendant's objection to the magistrate judge's recommendation should be overrruled, the magistrate judge's recommendation should be adopted, and the defendant's motion to suppress should be denied.

A constitutionally permissible traffic stop can become unlawful "if it is prolonged beyond the time reasonably required to complete" its purpose. *Illinois v. Caballes,* 543 U.S. 405, 407 (2005); *United States v. Peralez,* 526 F.3d 1115, 1119 (8th Cir. 2008). During a traffic stop, an officer may detain the occupants of the vehicle "while the officer completes a number of routine but somewhat time-consuming tasks related to the traffic violation." *Peralez*, 526 F.3d at 1119 (quoting *United States v. $404,905.00 in U.S. Currency,* 182 F.3d 643, 647 (8th Cir. 1999). The tasks include "asking for the driver's license, the vehicle's registration, as well as inquiring about the occupants' destination, route, and purpose." *Id.* (*quoting United States v. Sanchez,* 417 F.3d 971, 975 (8th Cir. 2005) (internal quotation omitted)). An officer may also ask passengers these questions. *Id.* If complications arise during these routine tasks, the vehicle may reasonably be detained "for a longer duration than when a stop is strictly routine." *Id.* (*quoting United States v. Olivera-Mendez,* 484 F.3d 505, 510 (8th Cir. 2007)).

Once an officer has decided to permit a routine traffic offender to depart with a ticket, a warning, or an all clear, the Fourth Amendment applies to limit any subsequent detention or search. *Id.* In two instances an officer may extend or expand the scope of a traffic stop beyond the original justification for the stop: (1) if the encounter becomes consensual, and (2) if the officer develops reasonable suspicion that other criminal activity is afoot. *Id.*; *United States v. Morgan,* 270 F.3d 625, 630 (8th Cir. 2001) (holding that a consensual conversation after the conclusion of traffic stop was not an impermissible detention); *United States v. Chavez Loya,* 528 F.3d 546, 553 (8th Cir. 2008) (involving

3

reasonable suspicion).[1]  Law enforcement officers do not violate the Fourth Amendment by attempting to start a conversation with someone and asking questions, but the Fourth Amendment will be implicated "if an officer acts in such a way that a reasonable person would believe that he or she is not 'free to decline the officer['s] requests or otherwise terminate the encounter.'"  *Morgan,* 270 F.3d at 630.  The question is whether a reasonable person in the same circumstance would have felt free to leave.  *Id.*

The burden is on the government to prove, by a preponderance of the evidence, that the consent was voluntary and not the result of coercion.  *United States v. Chaidez,* 906 F.2d 377, 380 (8th Cir. 1990).  Questions about drugs are not inherently coercive. *Morgan,* 270 F.3d at 630.  In determining whether consent was voluntary, courts look at the totality of the circumstances, including "both the characteristics of the accused and the details of the interrogation."  *Chaidez,* 906 F.2d at 380; *United States v. Becker,* 333 F.3d 858, 861 (8th Cir. 2003).  Relevant characteristics include "the [consenting] party's age, intelligence and education, whether he was under the influence of drugs or alcohol, whether he was informed of his right to withhold consent, and whether he was aware of rights afforded criminal suspects."  *United States v. Almendares,* 397 F.3d 653, 660 (8th Cir. 2005).  The court also considers "the environment in which the alleged consent took place, 'specifically (1) the length of time he was detained; (2) whether the police threatened, physically intimidated, or punished him; (3) whether the police made promises

---

[1] Absent consent or reasonable suspicion, the Eighth Circuit Court of Appeals acknowledges a split among the circuit courts with respect to "whether an officer conducting a traffic stop based upon probable cause violates the Fourth Amendment 'by asking a few questions about matters unrelated to the traffic violation, even if this conversation briefly extends the length of the detention,'" but has not resolved the issue in this circuit.  *See Peralez,* 526 F.3d at 1120-21 (noting that the extension in that case, sixteen minutes in which an officer engaged in a "blended process" of conducting a routine traffic stop and drug interdiction investigation, could not be characterized as brief).

or misrepresentations; (4) whether he was in custody or under arrest when the consent was given; (5) whether the consent occurred in a public or a secluded place; and (6) whether he stood by silently . . . as the search occurred.'" *United States v. Griffith,* — F.3d —, —, 2008 WL 2789061 (8th Cir. Jul. 21, 2008) (*quoting United States v. Smith*, 260 F.3d 922, 924 (8th Cir. 2001)). Consent to search a vehicle can be given by one with authority over the vehicle. *See, e.g., Chavez Loya*, 558 F.3d at 554.

In the present case, the duration of the traffic stop that preceded the post-stop encounter was brief. The initial stop was lawful. The officers sought consent to search immediately after returning the driver's paperwork. The defendants spoke and understood the English language, and the driver unequivocally indicated his consent. There is no evidence that the law enforcement officer used any form of coercion, or promises or threats to obtain the consent. The defendants were not threatened or intimidated by the police officers. The defendants were advised of their rights and nothing indicates that James Dortch did not understand the *Miranda* warnings. In consideration of the totality of the circumstances, the court agrees with the magistrate judge that the search of the vehicle was the result of the driver's voluntary consent and the statements made by the defendant were also free and voluntary. For the reasons stated in the magistrate judge's R&R, the court finds the defendant's motion to suppress should be denied.

IT IS ORDERED:

1. Defendant's objection (Filing No. 36) to the magistrate judge's report and recommendation is overruled.

2. The report and recommendation of the magistrate judge (Filing No. 31) is adopted.

3. Defendant's motion to suppress (Filing No. 15) is denied.

DATED this 7th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge